UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KYLIE MOORE, individually and on behalf of those similarly situated, <br><br> PLAINTIFF, <br><br> v. <br><br> BACCHUS WINERY, GOLF, AND VINEYARD LLC D/B/A WHYTE HORSE WINERY, BETH ANN THOMAS-ADAIR, AND AMANDA THOMAS-CRAIN, <br><br> DEFENDANTS. | CASE NO.: 4:21-CV-71 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kylie Moore brings this action, on her own behalf and on behalf of those similarly situated, against Defendants Bacchus Winery, Golf, and Vineyard LLC d/b/a Whyte Horse Winery ("Whyte Horse"), Beth Ann Thomas-Adair, and Amanda Thomas-Crain for violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* and the Indiana Right of Publicity Act, I.C. §32-36-1-1 *et seq.*, and in support shows as follows:

**PARTIES**

1. Kylie Moore is an individual who resides in Carroll County, Indiana.

2. At the times relevant to her claims, Moore was an employee of Whyte Horse within the meaning of the FLSA and the Indiana Wage Claims Act.

3. At the times relevant to her claims, Moore was an employee of Thomas-Adair within the meaning of the FLSA.

4. Whyte Horse is an Indiana limited liability company with its principal office in White County, Indiana.

5. At the times relevant to Moore's claims, Whyte Horse was Moore's employer within the meaning of the FLSA and the Indiana Wage Claims Statute.

6. Thomas-Adair is an individual who, upon information and belief, resides in Cass County, Indiana.

7. At the times relevant to Moore's claims, Thomas-Adair was Moore's employer within the meaning of the FLSA.

8. Thomas-Crain is an individual who represents herself to be an owner of Whyte Horse.

9. Thomas-Crain is an individual who works as a manager at Whyte Horse.

10. Thomas-Crain is an individual who, at the times relevant to Moore's claims, was Moore's employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court properly has jurisdiction under 28 U.S.C. §1331 to hear Moore's claims under the FLSA because Moore is asserting a claim arising under federal law.

12. This Court has supplemental jurisdiction to hear Moore's claims arising under the Indiana Right of Publicity Act, pursuant to 28 U.S.C. §1367.

13. This Court is a proper venue for this action under 28 U.S.C. §1391 because Whyte Horse may be found in this judicial district and because a substantial portion of the events giving rise to this action occurred within this judicial district.

## FLSA COVERAGE

14. Defendants are employers within the meaning of the FLSA, 29 U.S.C. §203(d).

15. Defendants were an enterprise engaged in commerce or in the production of goods for commerce, since Defendants had employees who handled, sold, or otherwise worked on goods or materials that have moved or been used in interstate commerce, and has annual gross volume of sales in excess of $500,000.00.

16. Plaintiff, and those similarly situated, are employees within the meaning of the FLSA, 29 U.S.C. §203(e).

17. Plaintiff, and those similarly situated, are employees engaged in interstate commerce since they handled, sold, or worked with goods or materials that have moved in or been used in interstate commerce.

18. Plaintiff, and those similarly situated, are employees engaged in interstate commerce since they made use of the instrumentalities of interstate commerce in the course of their work for Defendants.

### COLLECTIVE ACTION FACTUAL ALLEGATIONS

19. Defendants maintained a policy, pattern, practice, or plan, which violated the FLSA, and was not unique to Moore, but affected others employed by Defendant as well.

20. Moore and other employees employed by Defendants are similarly situated since they were subjected to the same unlawful policy, pattern, practice or plan.

### FACTUAL ALLEGATIONS

21. Moore worked as a server for Defendants.

22. Moore began working for Defendants on September 4, 2020.

23. Moore separated her employment by Defendants on July 23, 2021.

24. As servers, Moore, and those similarly situated, customarily and regularly received tips from customers.

25. Moore, and those similarly situated, customarily and regularly received tips in excess of $30 per month.

26. Defendants compelled Moore, and those similarly situated, to participate in a mandatory tip pool.

27. The compulsory tip pool was shared with employees who do not customarily or regularly receive tips.

28. The compulsory tip pool was shared with managers.

29. The compulsory tip pool was shared with the kitchen manager.

30. The compulsory tip pool was shared with the bar manager.

31. Upon information and belief, the compulsory tip pool was shared with other managers and / or supervisors.

32. Defendants did not account to Moore, and those similarly situated, for the tips they earned.

33. Defendants did not reflect the tips Moore, and those similarly situated, earned on their pay stubs.

34. Defendants did not reflect the tips Moore, and those similarly situated, earned for tax purposes.

35. Instead, Defendants paid Moore's, and those similarly situated, tips to them in cash without opportunity for review, correction, or reconciliation by Moore, and those similarly situated.

36. Defendant Whyte Horse used Moore's image and likeness in its advertising.

37. Moore is an individual whose image and likeness has commercial value.

38. Moore is a personality within the meaning of the Indiana Right of Publicity Act.

### COUNT I: VIOLATION OF THE FLSA WITH RESPECT TO MOORE AND THOSE SIMILARLY SITUATED

39. In violation of the FLSA, Defendants maintained a compulsory tip pool which did not comply with the requirements of §203(m)(2)(b) of the FLSA.

40. Moore, and those similarly situated, have been harmed by Defendants' unlawful conduct.

### COUNT II: VIOLATION OF THE FLSA WITH RESPECT TO MOORE

41. In violation of the FLSA, Defendants suffered or permitted Moore to work overtime hours without compensating her at the rate of at least one-and-one-half times her regular hourly rate for hours in excess of forty in single workweeks.

42. Moore has been harmed by Defendants' unlawful conduct.

## COUNT III: VIOLATION OF THE INDIANA RIGHT OF PUBLICITY ACT

43. Whyte Horse used an aspect of Moore's right of publicity for Whyte Horse's commercial purpose without first having obtained written consent from Moore.

44. Whyte Horse's actions violated the Indiana Right of Publicity Act.

45. Moore has been harmed as a result of Whyte Horse's unlawful actions.

46. Whyte Horse's actions were undertaking knowingly, willfully, or intentionally.

## PRAYER FOR RELIEF

**Wherefore** Plaintiff, on her own behalf and on behalf of those similarly situated, demands relief as follows:

1. Lost overtime wages;
2. Liquidated damages;
3. Statutory damages;
4. An order enjoining Defendants from further violations of the FLSA;
5. An order awarding Plaintiff's attorney's fees;
6. An order awarding the costs of this action;
7. An order awarding all other relief this Court deems necessary and proper in the premises.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law
8520 Allison Pointe Blvd Ste 223
PMB 65298
Indianapolis, Indiana 46250-4299
765.267.1240
jason@rams.land
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)