UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KYLIE MOORE, individually and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) Case No. 4:21-cv-00071-PPS-JEM |
| BACCHUS WINERY, GOLF, AND VINEYARD LLC D/B/A WHYTE HORSE WINERY, BETH ANN THOMAS-ADAIR, AND AMANDA THOMAS-CRAIN, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Kylie Moore ("Plaintiff") and Defendants Bacchus Winery, Golf, and Vineyard LLC, d/b/a Whyte Horse Winery, Beth Thomas-Adair, and Amanda Crain ("Defendants"), (collectively, the "Parties"), by their respective counsel, jointly petition this Court for entry of an Order approving the settlement of this action, the terms of which are memorialized in the Settlement Agreement, General Release, and Covenant not to Sue ("Settlement"). [Exhibit 1, Settlement Agreement].

The Parties submit that the Settlement is fair and reasonable, and that is satisfies the criteria for approval under Section 16 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' counsel. If approved by the Court, the Settlement will result in a fair and reasonable settlement to Plaintiff. In support hereof, the Parties state as follows:

1

1. On October 19, 2021, Plaintiff filed a Complaint against Defendants in the United States District Court for the Northern District of Indiana, captioned *Kylie Moore, individually and on behalf of those similarly situated v. Bacchus Winery, Golf, and Vineyard LLC, d/b/a Whyte Horse Winery, Beth Ann Thomas-Adair, and Amanda Thomas-Crain*, Case No. 4:21-cv-00071-PPS-JEM (the "Lawsuit.").

2. Plaintiff, on behalf of herself and others similarly situated, alleged that Defendants maintained an improper tip pool in violation of the FLSA. At this point, no other plaintiffs have joined the Lawsuit as class members. Plaintiff also brought claims on behalf of herself alleging unpaid overtime in violation of the FLSA and claims under the Indiana Right of Publicity Act, Ind. Code § 32-36-1 *et seq*.

3. Defendants filed their Answer on January 10, 2022, denying all substantive allegations of the Complaint. Defendants further deny any liability to Plaintiff for the matters alleged or which could have been alleged by Plaintiff in the Lawsuit and believes the case would have ultimately been resolved in its favor.

4. The Parties have engaged in good faith arm's length settlement discussions via their respective counsel in this matter, and the Parties have reached an agreement to fully resolve all of Plaintiff's claims against Defendants.

5. The Parties have memorialized their agreement to settle the Lawsuit. The agreement sets forth in detail the terms of settlement agreed upon by the Parties, subject to the approval of the Court.

6. Under common law, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g., Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306

(7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Department of Labor,* 679 F.2d 1350, 1352-53 (11th Cir. 1982)).

7. Considering the strong disagreement between the Parties regarding liability and Plaintiff's chances to recover damages at trial, the Settlement reached by the Parties represents a fair, just, and reasonable resolution of the claims alleged by Plaintiff.

8. The Settlement reached by the Parties is the result of numerous negotiations between the Parties to resolve this matter. The settlement figure agreed upon bears a reasonable and fair relationship to the amount alleged by Plaintiff in this matter, and also takes into consideration the inevitable risks of litigation, the record evidence and testimony anticipated at trial of this matter, and the defenses raised by Defendants.

9. The Settlement was negotiated at arm's length by experienced counsel concerning bona fide disputes between their clients with respect to liability and any amount due under the FLSA and Indiana law.

10. The Parties agree that the Settlement was achieved fairly, as indicated by the following additional facts: the Parties investigated the issues; the Parties conserved substantial time and expense that would have been required had the case proceeded; and by settling, Plaintiff is assured settlement of her claims, thereby avoiding the uncertainties associated with further litigation.

11. The Settlement provides meaningful relief in view of the respective strengths and weaknesses and inherent risks each party might bear were the litigation to continue to a determination on the merits.

12. Plaintiff authorized each stage of the negotiations, has agreed to the settlement agreement, and believes that it is fair and reasonable.

WHEREFORE, the Parties respectfully request the Court grant their Joint Motion, enter an Order approving the agreement, and afford the Parties all other appropriate relief.

Respectfully submitted,

| | |
|---|---|
| */s/ Jason Ramsland* | */s/ Jackie S. Gessner* |
| Jason Ramsland | Jackie S. Gessner |
| RAMSLAND LAW | Colleen E. Naumovich |
| 8520 Allison Pointe Blvd., Suite 223 | BARNES & THORNBURG LLP |
| PMB 65298 | 11 South Meridian Street |
| Indianapolis, Indiana  46250 | Indianapolis, IN  46204 |
| E-mail:  jason@rams.land | Telephone: (317) 236-1313 |
| | Facsimile:  (317) 231-7433 |
| *Attorney for Plaintiff* | E-mail:    jackie.gessner@btlaw.com |
| | colleen.naumovich@btlaw.com |
| | *Attorneys for Defendants* |