UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| KYLIE MOORE, individually and on behalf of those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 4:21-cv-71-PPS-JEM |
| v. | ) ) | |
| BACHUS WINERY, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Kylie Moore, and Defendants, Bacchus Winery, Golf, and Vineyard LLC d/b/a Whyte Horse Winery, Beth Thomas-Adair, and Amanda Thomas-Crain, filed a Joint Motion for Approval of Settlement. [DE 18.]  The parties also filed the Settlement Agreement, General Release and Covenant Not to Sue. [DE 18-1.]  As indicated in the caption of the motion, Defendants join this motion.

This is a Fair Labor Standards Act ("FLSA") collective action.  Plaintiff, on behalf of herself and others similarly situated, alleged Defendants made an improper tip pool in violation of the FLSA. [DE 1 at 3-4.] At this point, no other plaintiffs have joined the lawsuit as class members.  Plaintiff also brought claims on behalf of herself alleging unpaid overtime in violation of the FLSA and claims under the Indiana Right of Publicity Act, Ind. Code § 32-36-1 *et seq.* [*Id.* at 4.]

Defendants filed their answer on January 10, 2022, denying all substantive allegations of the complaint.  Defendants further deny any liability to Plaintiff for the matters alleged or which could have been alleged in the lawsuit, and believe the case

would have ultimately been resolved in their favor. [DE 11; 18 at 2.]

Under the Settlement Agreement, Defendants shall pay Plaintiff the gross sum of

$20,000, payable as described in detail in the agreement. [DE 18-1 at 2.]

### Evaluation of the Fairness of the Settlement

First, I note that a final fairness hearing is not necessary in this case dealing only

with the settlement of FLSA claims. *See, e.g., Heuberger v. Smith*, No. 3:16-CV-386 JD,

2019 WL 3030312, at *2 (N.D. Ind. Jan. 4, 2019) ("the Court can review and approve the

settlement agreement without holding a final fairness hearing . . . ."). In looking at the

appropriate standard to apply, courts will usually approve a settlement where "it is the

result of contentious arm's-length negotiations, which were undertaken in good faith by

counsel and serious questions of law and fact exist such that the value of an immediate

recovery outweighs the mere possibility of further relief after protracted and expensive

litigation." *Beckwith v. Planet Forward, LLC*, No. 3:18-cv-801 JD, 2019 WL 588178, at *1

(N.D. Ind. Feb. 13, 2019) (quotation omitted).

Here, I can say the settlement agreement is the product of contested litigation.

Plaintiff was represented by counsel, and Defendants denied liability. There was also a

bona fide dispute. The parties negotiated in good faith arm's length settlement

discussions with their respective counsel. They held a settlement conference before

Magistrate Judge John E. Martin on May 11, 2022, where they ultimately reached an

agreement. [DE 17.] This adversarial nature "provides some assurance of an

adversarial context" and therefore "indicia of fairness to a settlement reached as a

result." *Donaldson v. MBR Cent. Ill. Pizza, LLC*, No. 18-cv-3048, 2019 WL 4447969, at *1

2

(C.D. Ill. Sept. 17, 2019).

I also believe the proposed settlement reflects a fair and reasonable resolution. When reviewing the fairness of a FLSA settlement, a court normally considers the following factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Heuberger*, 2019 WL 3030312, at *3 (citing *Burkholder v. City of Fort Wayne*, 750 F.Supp.2d 990, 993-94 (N.D. Ind. Nov. 1, 2010)).  Considering these factors here, I find the proposed settlement is reasonable.

The settlement figure agreed upon bears a reasonable and fair relationship to the amount alleged by Plaintiff in this matter, and also takes into consideration the inevitable risks of litigation, the evidence and testimony anticipated at trial of this matter, and the defenses raised by Defendants.  The amount payable as Plaintiff's counsel's fees and costs ($8,255.93) also seems reasonable.  The Seventh Circuit has stated that "the most critical factor" in calculating a reasonable fee award is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Having reviewed the Settlement Agreement, I believe it is a good result for Ms. Moore.  While the amount of recovery from a trial could potentially have been larger, it also could have been little, if nothing at all.

### Conclusion

For the reasons set forth above, I hereby find the settlement in this matter fair and appropriate, and GRANT the Joint Motion for Approval of Settlement [DE 18].  In accordance with the terms of the Settlement Agreement [DE 18-1 at 3], this case is DISMISSED WITH PREJUDICE,

SO ORDERED.

ENTERED: May 26, 2022.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT